IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY ATWOOD and PHOEBE GRANADO,<br><br>    Plaintiffs,<br><br>    v.<br><br>FEDERAL EXPRESS CORPORATION, successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>    Defendants. | No. 2:24-cv-01127-RJC<br><br>ELECTRONICALLY FILED DOCUMENT<br><br>JURY DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiffs bring this action against Defendant Federal Express Corporation, successor by merger to Defendant FedEx Ground Package System, Inc. (collectively, "FedEx"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

## JURISDICTION AND VENUE

1.    Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.    Venue in proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

3.    Plaintiff Timothy Atwood is an individual residing in Tennessee. Atwood worked as a delivery driver for FedEx in Tennessee from approximately 2013 to 2021 but was employed through intermediary entities that FedEx calls independent service providers. Atwood has been eligible to receive overtime pay under the FLSA because Atwood has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

4. Plaintiff Phoebe Granado is an individual residing in Texas. Granado worked as a delivery driver for FedEx in Texas from approximately 2015 to 2024 but was employed through intermediary entities that FedEx calls independent service providers. Granado has been eligible to receive overtime pay under the FLSA because Granado has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

5. At all relevant times, Plaintiffs worked for FedEx.

6. Federal Express Corporation is a Delaware corporation with its principal place of business in Memphis, Tennessee.

7. FedEx Ground Package System, Inc. is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania.

8. Federal Express Corporation is the successor by merger to FedEx Ground Package System, Inc.

9. FedEx Ground Package System, Inc. and Federal Express Corporation are referred to herein collectively as "FedEx."

10. At all relevant times, FedEx has engaged in the business of the delivery of packages nationwide and within the state of Pennsylvania.

11. FedEx employs thousands of individuals across the country, including Plaintiffs, who have engaged in interstate commerce.

12. FedEx is an employer under the FLSA and applicable state laws.

**FACTS**

13. FedEx operates a package pickup and delivery business servicing customers throughout the United States.

14.     FedEx employs thousands of package delivery drivers within the United States, including the named Plaintiffs, who: (a) work for FedEx through intermediary employers called "independent service providers" (ISPs); (b) are classified as "employees" of the FedEx ISPs; (c) have worked more than forty hours per week delivering packages for FedEx but are not paid time-and-a-half compensation for hours worked beyond forty each week; and (d) drive, in whole or in part, vehicles with a gross vehicle weight rating of 10,001 pounds or less. These individuals are referred to herein as "delivery drivers."

15.     Before instituting the ISP model of employing its delivery drivers through intermediary entities, FedEx relied entirely on delivery drivers that it hired directly and purported to classify as "independent contractors", pursuant to standard operating agreements that FedEx required its drivers to sign. After years of defending litigation challenging the employment status of these drivers around the country – during which time multiple courts around the country held that FedEx misclassified its delivery drivers as independent contractors when they were actually FedEx's employees under various state wage laws[1] – FedEx shifted its method of hiring drivers in many states by contracting with ISPs in an effort to continue to avoid liability under the wage laws for its delivery drivers.

---

[1] *See, e.g.*, *Craig et al. v. FedEx Ground Package System, Inc.*, 335 P.3d 66 (Kan. 2014) (FedEx drivers in Kansas were misclassified as independent contractors when they were employees as a matter of law); *Alexander, et al. v. FedEx Ground Package System, Inc.*, 765 F.3d 981, 997 (9th Cir. 2014) (same, for FedEx delivery drivers in California); *Slayman, et al. v. FedEx Ground Package System, Inc.*, 765 F.3d 1033, 1046-47 (9th Cir. 2014) (FedEx delivery drivers in Oregon were FedEx's employees under Oregon's economic reality test and Oregon's right to control test). FedEx ultimately settled these and other pending cases challenging its misclassification of drivers as independent contractors.

16. FedEx ISPs are typically responsible for three or more FedEx delivery routes. FedEx requires its ISPs to hire FedEx's workforce of delivery drivers, and FedEx further requires the ISPs to classify these delivery drivers as the ISPs' employees.

17. However, based on the economic realities of the relationship between FedEx and these drivers, it is clear that the delivery drivers working under the intermediary ISPs are also FedEx employees under the FLSA.

18. FedEx operates a nationwide network of package handling terminals to serve its customers' package pickup and delivery needs around the country. FedEx advertises its delivery service and negotiates with its customers to provide the package pick-ups and deliveries that are performed by the Plaintiffs and other delivery drivers.

19. Plaintiffs and other delivery drivers working under ISPs have typically worked full-time and exclusively as FedEx drivers, delivering FedEx's packages to FedEx customers while wearing FedEx uniforms and driving vehicles bearing FedEx's logos and color scheme.

20. Plaintiffs and other delivery drivers working under ISPs have worked out of FedEx-owned and managed terminals throughout the country, where FedEx managers, package handlers, and other FedEx employees oversee and manage the package delivery operations.

21. The services rendered by Plaintiffs and other delivery drivers working under ISPs are an integral part of FedEx's business because FedEx is in the business of package delivery, and Plaintiffs and these other delivery drivers physically deliver packages to FedEx's customers on FedEx's behalf.

22. Plaintiffs and other delivery drivers working under ISPs have performed their delivery work on strict and predictable schedules pursuant to FedEx's same-day delivery requirements. The drivers' schedules are dictated by the volume of packages that FedEx requires

be delivered each day on their routes. Neither these drivers, nor the intermediary ISPs who they work under, have any control over the volume of package pickup and delivery work that FedEx assigns the drivers.

23. FedEx micromanages how Plaintiffs and other delivery drivers working under ISPs perform their work. Some of this micromanaging is performed directly by FedEx managers, and some is performed by the ISPs, pursuant to standards and requirements established by FedEx (and enforced by FedEx). For example:

  a. FedEx requires that the delivery drivers have specific equipment on their van when they perform deliveries for FedEx;

  b. FedEx requires the delivery drivers to wear a uniform bearing FedEx's logos and color scheme and to maintain personal appearance standards established by FedEx;

  c. FedEx requires the delivery drivers to place specific signage on their vans bearing FedEx's name and logo;

  d. FedEx assigns the specific packages that the delivery drivers must deliver and when the packages must be delivered;

  e. FedEx requires the drivers to scan all assigned packages with a specific scanner designated by FedEx upon loading each morning and upon delivery;

  f. FedEx requires the drivers to begin and end each day at a designated terminal operated by FedEx;

  g. Customer comments and complaints regarding the drivers' job performance are made directly to FedEx, who uses its own discretion on what action to take;

  h. FedEx has the authority to require its ISPs to terminate the drivers working under them if FedEx believes they should be terminated; and

        i.      FedEx closely monitors the job performance of the drivers, tracking whether each delivery is "successful" based on FedEx's own standards.

24.     Some FedEx drivers working under ISPs have worked for different ISPs at times, and even at times directly for FedEx, but their work responsibilities, and procedures they have been required to follow, have not differed in any material way regardless of which ISP they have worked under or whether they have worked directly for FedEx.

25.     For example, many FedEx drivers were initially hired directly by FedEx to perform its deliveries, until FedEx told drivers they had to work under an ISP. These drivers' responsibilities and the procedures they were required to follow did not change in any material way following the conversion to drivers working under ISPs. Drivers continued to report to FedEx terminals each morning, drove a vehicle with a FedEx logo on it, and followed FedEx procedures to complete their assigned deliveries.

26.     FedEx drivers, including drivers such as the Plaintiffs who have worked under intermediary ISPs, have routinely worked more than forty hours per week.

27.     Plaintiffs have driven trucks weighing less than 10,001 pounds. They are thus eligible for overtime pay under the FLSA and state law.

28.     However, Plaintiffs have not received all overtime pay for their work beyond 40 hours per week.

29.     Because FedEx is Plaintiffs' employer under the FLSA and applicable state laws, FedEx is liable to Plaintiffs for the unpaid overtime.

30.     FedEx has avoided its responsibilities under the FLSA and applicable state laws by establishing a system through which FedEx employes Plaintiffs and other drivers through intermediary ISPs. FedEx knew, or should have known, that Plaintiffs and other drivers were not

paid overtime that they were owed. FedEx has thus acted with reckless disregard for Plaintiffs' rights.

31. However, regardless of FedEx's actual or constructive knowledge of this fact, FedEx is Plaintiffs' "employer," as defined by the FLSA and applicable state laws. FedEx is therefore liable for any overtime payments that are due to Plaintiffs other delivery drivers who have worked under ISPs.

## COUNT I
### (Unpaid Overtime Under the FLSA)

32. The FLSA, 29 U.S.C. § 207(a)(1), requires that employees receive overtime premium pay of "not less than one and one-half times" their regular pay rate for hours worked beyond 40 per workweek. FedEx is liable under the FLSA for unpaid overtime owed to Plaintiffs. FedEx's violation of the FLSA has been willful and in reckless disregard of these drivers' rights.

## COUNT II
### (Declaratory Judgment)

33. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, Plaintiffs request a declaration that they were FedEx's employees within the meaning of the FLSA and applicable state laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

A. Restitution for all unpaid overtime owed to the drivers;

B. Liquidated damages and prejudgment interest, pursuant to the FLSA and applicable state laws;

C. All remedies provided by applicable state laws;

D. Litigation costs, expenses, and attorneys' fees;

E.     Judgment declaring that Plaintiffs were FedEx's employees within the meaning of the FLSA and applicable state laws; and

F.     Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on their claims.

Dated: September 24, 2024                   Respectfully submitted,

*s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (*pro hac vice*) (MA 640716)
Harold Lichten (*pro hac vice*) (MA 549689)
Sarah Schalman-Bergen (PA Bar No. 206211)
Matthew Carrieri (*pro hac vice*) (MA 705192)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
sliss@llrlaw.com
hlichten@llrlaw.com
ssb@llrlaw.com
mcarrieri@llrlaw.com

Jeremy Abay (PA Bar No. 316730)
LICHTEN & LISS-RIORDAN, P.C.
76 E. Euclid Avenue, Suite 101
Haddonfield, New Jersey 08035
(856) 509-5346
jabay@llrlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2024, I caused a true and correct copy of the foregoing First Amended Complaint to be filed with the Court's CM/ECF system, which constitutes service on Defendant, whose counsel are registered participants on that system.

*s/ Shannon Liss-Riordan*
Shannon Liss-Riordan