**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TIMOTHY ATWOOD and PHOEBE GRANADO, | CIVIL ACTION |
| Plaintiffs, | No. 2:24-cv-01127-RJC |
| v. | **FEDEX'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF TIMOTHY ATWOOD** |
| FEDERAL EXPRESS CORPORATION, successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC., | |
| Defendant. | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

RELEVANT FACTUAL BACKGROUND.................................................................. 2

ARGUMENT .............................................................................................................. 3

I.      THE STATUTE OF LIMITATIONS APPLICABLE TO ATWOOD'S CLAIM IS
        TWO YEARS ................................................................................................... 4

        A.      Atwood Cannot Prove He Is Entitled to the FLSA's Three-Year Statute of
                Limitations for Willful Violations .......................................................... 5

        B.      Atwood Is Not Entitled to Equitable Tolling for His FLSA Claim ...................... 9

                1.      Atwood did not diligently pursue and preserve his claim.......................... 9

                2.      The court could not have tolled Atwood's claim before he opted in........ 10

II.     ATWOOD HAS NOT SHOWN HE IS ENTITLED TO OVERTIME PAY.................. 12

        A.      Atwood Has Not Shown That His Service Providers Failed to Pay
                Overtime ............................................................................................. 12

        B.      Atwood Did Not Work Any Overtime After September 8, 2018 ......................... 14

        C.      Atwood Is Not Entitled to Overtime For Weeks In Which He Did Not
                Drive Light Vehicles............................................................................. 14

                1.      Atwood is subject to the Motor Carrier Act Exemption............................ 14

                2.      Atwood has not shown he is eligible for overtime pay under the
                        "small vehicle" exception to the MCA exemption for certain
                        workweeks ................................................................................. 16

CONCLUSION............................................................................................................ 18

# TABLE OF AUTHORITIES

## CASES

*Acosta v. Osaka Japan Rest., Inc.*,
    No. CV 17-1018, 2018 WL 3397337
    (E.D. Pa. July 12, 2018) ................................................................................................... 6

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ................................................................................................... 3, 4

*Anglada v. Linens 'N Things, Inc.*,
    No. 06CIV.12901(CM)(LMS), 2007 WL 1552511
    (S.D.N.Y. Apr. 26, 2007),
    *r. & r. adopted* (May 22, 2007) ................................................................................... 11

*Blizman v. Travelers Home & Marine Ins. Co.*,
    557 F. Supp. 3d 571 (M.D. Pa. 2021) ........................................................................... 4

*Carley v. Crest Pumping Techs., L.L.C.*,
    890 F.3d 575 (5th Cir. 2018) ....................................................................................... 16

*Crow v. ProPetro Servs., Inc.*,
    No. MO:15-CV-00149-RAJ, 2016 WL 9776367
    (W.D. Tex. Sept. 27, 2016) ......................................................................................... 17

*Curtis v. Time Warner Ent.-Advance/Newhouse P'ship*,
    No. 3:12-CV-2370-JFA, 2013 WL 1874848
    (D.S.C. May 3, 2013) ................................................................................................... 11

*Deherrera v. Decker Truck Line, Inc.*,
    820 F.3d 1147 (10th Cir. 2016) ................................................................................... 15

*Fasanelli v. Heartland Brewery, Inc.*,
    516 F. Supp. 2d 317 (S.D.N.Y. 2007) ......................................................................... 10

*Figas v. Horsehead Corp.*,
    No. CIV. A. 06-1344, 2008 WL 4170043
    (W.D. Pa. Sept. 3, 2008) ............................................................................................... 4

*Freeman v. Sam's East Inc.*,
    No. CV 2:17-1786 (WJM), 2021 WL 3362611
    (D.N.J. Aug. 3, 2021) ............................................................................................. 5, 6, 7

*Genesis Healthcare Corp. v. Symczyk*,
    569 U.S. 66 (2013) ....................................................................................................... 11

*Gillott v. Powerex, Inc.*,
   904 F. Supp. 442 (W.D. Pa. 1995) ................................................................. 5, 6

*Gui Zhen Zhu v. Matsu Corp*,
   424 F. Supp. 3d 253 (D. Conn. 2020) ............................................................. 11

*Hart v. Gov't Emps. Ins. Co.*,
   609 F. Supp. 3d 323 (M.D. Pa. 2022) ............................................................. 11

*Hewlette-Bullard on behalf of J.H-B. v. Pocono Mountain Sch. Dist.*,
   522 F. Supp. 3d 78 (M.D. Pa. 2021) ............................................................... 4

*Holmes v. Metott, Inc.*,
   No. 4:12CV00030 BSM, 2013 WL 11041743
   (E.D. Ark. Jan. 25, 2013) ............................................................................... 8

*Jones v. Ferro Corp.*,
   No. 1:22-CV-00253-JDA, 2023 WL 4456815
   (N.D. Ohio July 11, 2023) ............................................................................. 11

*Joyce v. Colter Energy Servs. USA, Inc.*,
   No. 2:22cv1367, 2024 WL 2794278
   (W.D. Pa. May 31, 2024) ............................................................................... 10

*Lemmings v. FedEx Ground Package Sys., Inc.*,
   492 F. Supp. 2d 880 (W.D. Tenn. 2007) ......................................................... 8

*Levinson v. Spector Motor Serv.*,
   330 U.S. 649 (1947) ....................................................................................... 15

*Lightfoot v. Wahoo Logistics, Inc., et al.*,
   No. FCS050578 (Cal. Super. Ct. Feb. 2, 2022) ............................................. 8

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ....................................................................................... 4

*Mayan v. Rydbom Exp., Inc.*,
   No. CIV.A. 07-2658, 2009 WL 3152136
   (E.D. Pa. Sept. 30, 2009) ............................................................................... 15

*Mazzarella v. Fast Rig Support, LLC*,
   823 F.3d 786 (3d Cir. 2016) ...................................................................... 15, 16

*McCall v. Disabled Am. Veterans*,
   723 F.3d 962 (8th Cir. 2013) ......................................................................... 16

*McLaughlin v. Richland Shoe Co.*,
   486 U.S. 128 (1988) ................................................................................ 4, 5, 8

*McMaster v. E. Armored Servs., Inc.*,
    780 F.3d 167 (3d Cir. 2015) ............................................................................ 16

*Mende v. Wildcat Invs. LLC*,
    No. 2:17-CV-286, 2018 WL 11432996
    (S.D. Ohio Oct. 24, 2018) ............................................................................... 11

*Minor v. Cent. Forest Prods., Inc.*,
    No. 3:19-CV-01631-CLS, 2021 WL 1102437
    (N.D. Ala. Mar. 23, 2021) ............................................................................... 17

*Noll v. Flowers Foods Inc.*,
    478 F. Supp. 3d 59 (D. Me. 2020) ................................................................. 17

*Oddo v. Bimbo Bakeries U.S.A., Inc.*,
    391 F. Supp. 3d 466 (E.D. Pa. 2019) ............................................................. 17

*Peroza-Benitez v. Smith*,
    994 F.3d 157 (3d Cir. 2021) .............................................................................. 3

*Podobnik v. U.S. Postal Serv.*,
    409 F.3d 584 (3d Cir. 2005) .............................................................................. 9

*Reinig v. RBS Citizens, N.A.*,
    No. 2:15-CV-01042-AJS, 2017 WL 8941217
    (W.D. Pa. Aug. 2, 2017) ................................................................................. 12

*Rosano v. Twp. of Teaneck*,
    754 F.3d 177 (3d Cir. 2014) ............................................................................ 12

*Rotkiske v. Klemm*,
    890 F.3d 422 (3d Cir. 2018),
    *aff'd*, 589 U.S. 8 (2019) .................................................................................... 9

*Santos ex rel. Beato v. United States*,
    559 F.3d 189 (3d Cir. 2009) .............................................................................. 9

*Satterfield v. Johnson*,
    434 F.3d 185 (3d Cir. 2006) .............................................................................. 9

*Seitzinger v. Reading Hosp. & Med. Ctr.*,
    165 F.3d 236 (3d Cir. 1999) .............................................................................. 9

*Souryavong v. Lackawanna Cnty.*,
    872 F.3d 122 (3d Cir. 2017) .............................................................................. 5

*Taylor v. Pilot Corp.*,
  No. 2:14-CV-2294-SHL-TMP, 2018 WL 10550646
  (W.D. Tenn. Mar. 8, 2018) ........................................................................ 11

*Thomas v. Del. State Univ.*,
  626 F. App'x 384 (3d Cir. 2015) ................................................................. 4

*Tumulty v. FedEx Ground Package Sys., Inc.*,
  No. C04-1425MJP, 2005 WL 8181225
  (W.D. Wash. Mar. 7, 2005) ......................................................................... 8

*Tyger v. Precision Drilling Corp.*,
  832 F. App'x 108 (3d Cir. 2020) .............................................................. 6, 7

*Wofford v. Seba Abode, Inc.*,
  No. 2:20-CV-00084-RJC, 2024 WL 4266558
  (W.D. Pa. Sept. 23, 2024) .......................................................................... 18

*Yessayan v. FedEx Ground Package Sys., Inc.*,
  No. CV 05-8872 ER (VBKx), 2007 WL 5162454
  (C.D. Cal. Jan. 3, 2007),
  *aff'd*, 301 F. App'x 716 (9th Cir. 2008) ..................................................... 8

**STATUTES**

29 U.S.C. § 207 ....................................................................................................... 14

29 U.S.C. § 213 ....................................................................................................... 14

29 U.S.C. § 255 ......................................................................................................... 4

29 U.S.C. § 256 ......................................................................................................... 5

49 U.S.C. § 13102 ................................................................................................... 15

49 U.S.C. § 31501 ................................................................................................... 15

**RULES**

Fed. R. Civ. P. 56 ..................................................................................................... 3

**REGULATIONS**

29 C.F.R. § 578.3 ..................................................................................................... 5

29 C.F.R. § 778.111 ............................................................................................... 13

29 C.F.R. § 778.112 ............................................................................................... 13

29 C.F.R. § 782.2 ................................................................................................................... 15

49 C.F.R. § 390.5T ................................................................................................................. 16

SAFETEA-LU Technical Corrections Act,
    Pub. L. No. 110-244, § 306, 122 Stat. 1572 (2008) ................................................... 16

Defendant Federal Express Corporation ("FedEx"), successor by merger to FedEx Ground Package System, Inc., moves for summary judgment on Plaintiff Timothy Atwood's ("Atwood") claim for unpaid overtime in violation of the Fair Labor Standards Act ("FLSA"), his only remaining claim in this case.[1] FedEx is entitled to summary judgment because there are no triable issues of fact as to Mr. Atwood's claim.

Atwood alleges that he worked overtime for which he was not properly compensated from sometime in 2013 through sometime in 2021.[2] But the Court must enter judgment for FedEx on Atwood's claim because his claim is time-barred before September 8, 2018, and because Atwood admits—and all of the evidence shows—he did not work any overtime for any Service Provider after that date. Moreover, Atwood has not satisfied his initial burden of proving that his direct employers failed to pay him overtime premiums owed under the FLSA. Further, for any week in which he did not drive a known light vehicle Atwood was exempt from the FLSA's overtime requirement pursuant to the Motor Carrier Act Exemption.

FedEx thus seeks summary judgment on the application of the Motor Carrier Act exemption to Atwood's claim and on the limitations period applicable to Atwood's claim.[3]

---

[1] With his First Amended Complaint, Atwood also brought a claim for a declaratory judgment, but that claim was dismissed by the Court on December 26, 2024, pursuant to the parties' stipulation. (Stipulation of Dismissal with Prejudice of Declaratory J. Claim, ECF No. 31; Order, ECF No. 32.)

[2] In fact, though Atwood pleads that he worked as a delivery driver through 2021, there is no record of Atwood driving for any Service Provider at all after September 7, 2019. (*Compare* First Am. Compl. ¶ 3, ECF No. 19, *with* Ex. F, Atwood Summary Data.)

[3] FedEx disputes that it jointly employed Atwood, so any statement by Atwood in response to this motion that FedEx is "conceding" the issue of joint employment by filing this motion is baseless.

## RELEVANT FACTUAL BACKGROUND

FedEx is a federally-registered motor carrier and federally-certified air carrier that offers package pickup, delivery, and information services across the United States. Customers contract with FedEx for pickup and delivery of packages and for tracking information about where their packages are in the delivery process. FedEx, in turn, contracts with independent businesses (Service Providers) to provide pickup and delivery services between customers and FedEx's sorting stations. Service Providers have their employees carry out the packages' physical pickup and delivery. (FedEx's Separate Statement of Facts ("SOF") ¶¶ 1-3.)

Service Providers enter into a business-to-business contract ("Agreement") with FedEx. (*Id.* ¶ 11.) Under these Agreements, Service Providers contractually agree to treat all personnel as their employees and to bear all responsibility for employer-related expenses and legal compliance. (*Id.* ¶ 12.) In particular, the Agreement states that Service Providers have "sole and complete discretion in the staffing, selection, hiring, training, supervision, assignment, hours and days worked, discipline, termination, compensation, benefits, and all other terms and conditions of employment of its Personnel." (*Id.* ¶ 11; Ex. B, Pierce Decl. ¶ 15[4].) Service Providers also agree to submit to FedEx annual written certifications of their compliance with these obligations, and FedEx may request proof of compliance. (SOF ¶ 12.)

Atwood worked as a delivery driver for two Service Providers in Tennessee: Chattanooga Logistics, Inc. ("Chattanooga"), from sometime in 2013, through August 12, 2016, and Wolf Transport Inc. ("Wolf Transport"), from August 13, 2016, through September 7, 2019. (*Id.*

---

[4] All references to exhibits are attached to the Appendix in Support of FedEx's Motion for Summary Judgment Against Plaintiff Timothy Atwood, unless otherwise noted.

2

¶¶ 13–14.)[5] On September 8, 2020, Atwood filed his opt-in consent form to join a conditional collective action (now decertified) styled *Claiborne, et. al. v. FedEx Ground Package System Inc.*, in which he asserted a claim for unpaid overtime under the FLSA. (*Claiborne*, Opt-In Consent Form, ECF No. 173-93.) That case was decertified on May 2, 2024. (*Claiborne*, Order Granting Pls.' Mot. for Decertification & Granting Tolling, ECF No. 526.) On August 6, 2024, Atwood, along with co-Plaintiff Phoebe Granado, filed the original complaint in this case, in which Atwood reasserted his FLSA claim. (Compl., ECF No. 1.)[6] Atwood claims FedEx is liable for his Service Providers' alleged FLSA violations because FedEx was <u>also</u> his employer. (First Am. Compl. ¶¶ 5, 11, 17, 29–31.)

## ARGUMENT

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim and, thus, "might affect the outcome of the suit." *Peroza-Benitez v. Smith*, 994 F.3d 157, 164 (3d Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). There is a "genuine" dispute about a material fact when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

---

[5] Atwood testified that he also drove for a third Service Provider, GWS, "possibly eight- or nine-days total," mostly during the time he was employed by Chattanooga, and only on the occasional Monday or Saturday when GWS "needed help" or Atwood wanted to pick up extra work. (Ex. C, Atwood Dep. 21:16–25:4.) Although Atwood testified that this sporadic driving occurred after November 27, 2015, (*see id.* at 23:14–24:19), there is no scanner data or other record corroborating Atwood's testimony, (*see* Ex. F, Atwood Summary Data), and Atwood has not produced any paystubs, payroll records, W-2s, or time records from his alleged employment with GWS.

[6] Plaintiffs filed a First Amended Complaint on September 25, 2024. (ECF No. 19.)

To show the existence of a genuine dispute of material fact sufficient to defeat summary judgment, plaintiffs must raise more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, or "some metaphysical doubt as to the material facts," *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, a plaintiff cannot defeat summary judgment with speculation or self-serving and uncorroborated assertions. *See, e.g.*, *Thomas v. Del. State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) ("[The plaintiff's] unsupported deposition testimony, which is contradicted by the record, is insufficient to defeat summary judgment."); *Blizman v. Travelers Home & Marine Ins. Co.*, 557 F. Supp. 3d 571, 574 (M.D. Pa. 2021) ("[M]ere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid summary judgment when uncorroborated and contradicted by other evidence of record."); *see also Hewlette-Bullard on behalf of J.H-B. v. Pocono Mountain Sch. Dist.*, 522 F. Supp. 3d 78, 89 (M.D. Pa. 2021) ("Bare assertions, conclusory allegations, or suspicions will not suffice." (internal quotations marks omitted)).

# I.    THE STATUTE OF LIMITATIONS APPLICABLE TO ATWOOD'S CLAIM IS TWO YEARS

The FLSA has a two-year statute of limitations. 29 U.S.C. § 255(a) ("every such action shall be forever barred unless commenced within two years after the cause of action accrued"). The statute of limitations extends to three years only if the plaintiff proves the defendant committed a willful violation of the FLSA. *Id.* The plaintiff bears the burden of proving a willful violation; absent such proof, the two-year statute of limitations applies. *Figas v. Horsehead Corp.*, No. CIV. A. 06-1344, 2008 WL 4170043, at *27 (W.D. Pa. Sept. 3, 2008); *see also McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988). Thus, the court may grant summary judgment upon finding that the two-year period applies as a matter of law where, as

here, the plaintiff "ha[s] not set forth any evidence that [the defendant] intentionally violated the FLSA or that it was reckless in its consideration of whether it[] . . . violated the FLSA." *Gillott v. Powerex, Inc.*, 904 F. Supp. 442, 450 (W.D. Pa. 1995) (granting summary judgment for employer on willful-violation claim).

In an FLSA collective action, the statute of limitations continues to run until an employee files their written consent to join the action. 29 U.S.C. § 256(b). Atwood filed his opt-in form on September 8, 2020. (*Claiborne* ECF No. 173-93.) Thus, under the applicable two-year statute of limitations, any part of his claim that accrued before September 8, 2018, is time barred, and FedEx is entitled to summary judgment.

### A.    Atwood Cannot Prove He Is Entitled to the FLSA's Three-Year Statute of Limitations for Willful Violations

To prove a willful violation of the FLSA, Atwood must show that FedEx, as his putative joint employer, "knew or showed reckless disregard for . . . whether [FedEx's] conduct was prohibited," taking into consideration all surrounding facts and circumstances. *McLaughlin*, 486 U.S. at 133; *see also* 29 C.F.R. § 578.3(c). Mere negligence does not suffice; nor is  a violation willful if an employer acts based on a "good-faith but incorrect assumption" that an employee's pay complies with the FLSA. *McLaughlin*, 486 U.S. at 135 & n.13. In other words, "some degree of actual awareness [of illegality] is necessary." *Souryavong v. Lackawanna Cnty.*, 872 F.3d 122, 126 (3d Cir. 2017) ("Acting only 'unreasonably' is insufficient . . . .").

For example, in *Freeman v. Sam's East Inc.*, the District of New Jersey granted summary judgment for the plaintiff's <u>undisputed</u> employer on the question of willfulness. No. CV 2:17-1786 (WJM), 2021 WL 3362611, at *3 (D.N.J. Aug. 3, 2021). There, the plaintiff alleged that he was improperly classified as exempt from overtime based on the actual job duties he performed, testified that his supervisor was aware of what his job duties were, and proffered evidence that

his employer had been previously sued for alleged misclassification by another employee, albeit one who held a different position. *Id.* Nonetheless, the court concluded that because no one "at [the employer] with authority over FLSA compliance or pay practices was on notice that [the plaintiff's] . . . primary duty allegedly was not consistent with his job description" such that his classification as overtime exempt was improper, the alleged violation could not have been willful. *Id.* at *2.

Similarly, in *Tyger v. Precision Drilling Corp.*, the Third Circuit affirmed summary judgment in favor of the plaintiffs' <u>undisputed</u> employer on the question of willfulness. 832 F. App'x 108, 116 (3d Cir. 2020). There, the plaintiffs claimed that their employer should have, but did not, pay them for their time spent "pre-shift donning and post-shift doffing of certain personal protective equipment." *Id.* at 110. But, in part because there was a "paucity of Third Circuit precedent that would inform [the employer] that donning and doffing was integral and indispensable in" the oil and gas industry such that the plaintiffs' time spent doing it was compensable under the FLSA, the district court and Third Circuit agreed that the employer's failure to compensate the plaintiffs for that time could not have been willful. *Id.* at 115–16.

Here, Atwood has not—and cannot—meet his burden to show willfulness. Atwood has put forth no evidence to substantiate his conclusory allegation that "FedEx has thus acted with reckless disregard for [his] rights." (First Am. Compl. ¶ 30; *see also* SOF ¶¶ 26-32.) That alone renders summary judgment appropriate. *See Gillott*, 904 F. Supp. at 450 (granting summary judgment on plaintiff's willful-violation claim in the absence of supporting evidence); *cf. Acosta v. Osaka Japan Rest., Inc.*, No. CV 17-1018, 2018 WL 3397337, at *5 (E.D. Pa. July 12, 2018) ("Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by pointing out to the district court that there is an

absence of evidence to support the non-moving party's case." (internal quotation marks omitted)). Moreover, Atwood does not allege that anyone at FedEx "with authority over FLSA compliance or pay practices was on notice that" Atwood was allegedly not receiving an overtime rate of pay for eligible hours worked, *Freeman*, 2021 WL 3362611, at \*2, nor is there Third Circuit precedent that would give FedEx reason to believe it was Atwood's joint employer. *Tyger*, 932 F. App'x at 115–16.

The undisputed facts also show that Atwood cannot prove willfulness. First, Atwood admits that FedEx was not the entity that paid him or issued W-2s to him. (SOF ¶ 30.) In fact, Atwood admits that when he started working for each of Chattanooga and Wolf Transport, it was his Service Providers who discussed with him how he would be paid, and that FedEx was not involved in any discussions he had with either Chattanooga or Wolf Transport about pay. (*Id.* ¶¶ 27, 28.) Atwood further admits that if he had expected overtime pay or wanted overtime pay he would have discussed overtime with his Service Providers, not FedEx. (*Id.* ¶29.) Still further, Chattanooga affirmatively represented to FedEx that it was paying its driver-employees in compliance with all applicable laws. (*Id.* ¶ 31.)

Second, FedEx's Agreement with Atwood's Service Providers specifies that FedEx is not drivers' joint employer and that Service Providers both decide how to pay their employee-drivers and agree to pay them in accordance with all applicable law:

- "[N]either Party is, nor will be represented, alleged, or deemed to be a legal representative, joint venturer, joint employer, franchisor, franchisee, dealership, distributorship or legal partner of the other Party for any purpose." (Ex. E, Wolf Transport ISPA ¶ 1.2);

- "The Parties acknowledge and agree to abide by all applicable federal, state, and local laws, regulations and rules . . . . includ[ing] those governing . . . employment practices . . . ." (*id.* ¶1.3);

- The Service Provider "agrees that neither it nor any of its Personnel are to be treated as or considered to be [FedEx]'s employees . . . for any purpose" and to

"bear all expenses associated with the employment of such persons, including without limitation, wages" and "assume sole responsibility . . . for compliance with Applicable Law, including without limitation, wage payment" (*id.* ¶ 6.2); and

- The Service Provider has "complete discretion in the . . . assignment, hours and days worked . . . compensation . . . and all other terms and conditions of employment of its Personnel." (*Id.* ¶ 6.4).

And, third, FedEx has a reasonable basis for concluding it was not and is not <u>any</u> drivers' joint employer. The only court to have addressed the joint-employment question with regard to FedEx under the Agreement (i.e., the same Service Provider model) found that FedEx was <u>not</u> a joint employer.[7] *See* Order Denying Mot. for Class Certification 5–6, *Lightfoot v. Wahoo Logistics, Inc., et al.*, No. FCS050578 (Cal. Super. Ct. Feb. 2, 2022) (*Claiborne* FedEx's Opp'n to Mot. to Dismiss, Ex. 7 to Scott Decl., ECF No. 403-2).

Because FedEx had no reason to believe it was Atwood's joint employer, did not issue his paychecks, and his Service Providers contractually agreed with FedEx to comply with all legal obligations to pay Atwood in accordance with the law, Atwood cannot show that FedEx "either knew or showed reckless disregard for the matter of whether its [alleged] conduct was prohibited by the [FLSA]." *See McLaughlin*, 486 U.S. at 133. Atwood's FLSA claim is thus limited to the time period that accrued within the presumptive two-year statute of limitations.

---

[7] Moreover, with only one exception, courts that addressed the joint-employment question well over a decade ago agreed FedEx was <u>not</u> a joint employer. *Compare Yessayan v. FedEx Ground Package Sys., Inc.*, No. CV 05-8872 ER (VBKx), 2007 WL 5162454, at *1 (C.D. Cal. Jan. 3, 2007), *aff'd*, 301 F. App'x 716 (9th Cir. 2008) (granting summary judgment for FedEx upon finding no joint employment), *Holmes v. Metott, Inc.*, No. 4:12CV00030 BSM, 2013 WL 11041743, at *3 (E.D. Ark. Jan. 25, 2013) (same), and *Lemmings v. FedEx Ground Package Sys., Inc.*, 492 F. Supp. 2d 880, 887–88 (W.D. Tenn. 2007) (same), *with Tumulty v. FedEx Ground Package Sys., Inc.*, No. C04-1425MJP, 2005 WL 8181225, at *3 (W.D. Wash. Mar. 7, 2005) (finding FedEx jointly employed two drivers who worked for a contractor operating under an old model and agreement, based on the specific facts of that case).

**B.**      **Atwood Is Not Entitled to Equitable Tolling for His FLSA Claim**

FedEx anticipates Mr. Atwood will attempt to salvage his time-barred FLSA claim by arguing he is entitled to equitable tolling of the limitations period. He is not.

Equitable tolling is an "extraordinary" remedy that courts should use "only sparingly." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009). The remedy seeks to mitigate a plaintiff's failure to comply with the statute of limitations when unfair or "inequitable circumstances" have caused that failure. *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999) ("Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances."); *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005), *abrogated in part on other grounds by Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018), *aff'd*, 589 U.S. 8 (2019) (identifying circumstances in which equitable tolling may be available). But to receive the benefit of equitable tolling, a plaintiff must first demonstrate that "[he] exercised due diligence in pursuing and preserving [his] claim." *Santos*, 559 F.3d at 197; *see also Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006) ("[a] petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some extraordinary circumstance stood in his way" (internal quotation marks omitted)).

1.      Atwood did not diligently pursue and preserve his claim

Mr. Atwood cannot satisfy this standard. There is no evidence that he "exercised due diligence in pursuing and preserving [his overtime] claim." *See Santos*, 559 F.3d at 197. Indeed, he began working for Service Providers in 2013, yet did not bring his FLSA claim until seven years later in 2020. (SOF ¶¶ 13, 16.) Moreover, Atwood testified that prior to being solicited to join the *Claiborne* lawsuit, he did not think that FedEx owed him overtime, and that the only reason he opted in to *Claiborne* and pursued his claim is because Plaintiffs' counsel "ask[ed] a

few question and [said] you qualify for this lawsuit by working for the providers you worked for, if you would like to join." (*Id.* ¶ 32.)

The court's order granting conditional certification and tolling the statute of limitations for purposes of issuing notice to potential opt-in plaintiffs does not require a different conclusion. (*See Claiborne*, Mem. Op. 7-13, ECF No. 106.) In that order, the court equitably tolled the "notice period" due to the "unique procedural history" of this case, and directed that notice should issue to putative collective-action members that worked for a Service Provider since November 27, 2015. (*Id.* at 10-11.) But that order did <u>not</u> address whether any individual opt-in plaintiff would be entitled to equitable tolling for their actual claim—a merits-based determination that depends on each opt-in's individual circumstances. *See Joyce v. Colter Energy Servs. USA, Inc.*, No. 2:22cv1367, 2024 WL 2794278, at *5 (W.D. Pa. May 31, 2024) ("[D]eterminations about whether . . . equitable tolling appl[ies] to any opt-in member's claims are merits-based matters that are not appropriate at this preliminary stage of the certification process.").

      2.     The court could not have tolled Atwood's claim before he opted in

Nor could that order grant any putative opt-in the extraordinary remedy of equitable tolling before they opted in. First, as this court has made clear, there is a difference between the granting of an extended notice period "for the purpose of obtaining a comprehensive class of potential opt-in plaintiffs" on one hand, and making "any determination of the actual limitations governing any opt-in member's claim" on the other. *Id.* at *5 (holding that it would be "premature" and "not appropriate" to determine "merits-based matters" like the specific statute of limitations applicable to a particular opt-in's claim, or whether an opt in would be entitled to equitable tolling, at the "preliminary stage of the certification process"). Courts around the country concur. *See, e.g.*, *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323

(S.D.N.Y. 2007) (permitting notice to a potentially broader class than may have a claim because it is not appropriate, at the conditional certification stage, to make "merit-based determinations"); *Curtis v. Time Warner Ent.-Advance/Newhouse P'ship*, No. 3:12-CV-2370-JFA, 2013 WL 1874848, at *8 (D.S.C. May 3, 2013) (same); *Anglada v. Linens 'N Things, Inc.*, No. 06CIV.12901(CM)(LMS), 2007 WL 1552511, at *8 (S.D.N.Y. Apr. 26, 2007), *r. & r. adopted* (May 22, 2007) (same); *Gui Zhen Zhu v. Matsu Corp*, 424 F. Supp. 3d 253, 269-70 (D. Conn. 2020) (same).

Second, the court did not have jurisdiction over Atwood until he opted in, and Plaintiffs did not have standing to seek tolling for him. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) ("conditional certification does not produce a class with an independent legal status"; rather, opt-ins "become parties . . . only by filing written consent"); *Hart v. Gov't Emps. Ins. Co.*, 609 F. Supp. 3d 323, 327 (M.D. Pa. 2022) (named plaintiffs arguably "lack[] standing to pursue equitable tolling for other members of the class . . . [who] are not parties"); *Jones v. Ferro Corp.*, No. 1:22-CV-00253-JDA, 2023 WL 4456815, at *7 (N.D. Ohio July 11, 2023) (same); *Taylor v. Pilot Corp.*, No. 2:14-CV-2294-SHL-TMP, 2018 WL 10550646, at *2 (W.D. Tenn. Mar. 8, 2018) (named plaintiffs lack that standing "to make use of the equitable tolling doctrine" with respect to potential opt-ins); *Mende v. Wildcat Invs. LLC*, No. 2:17-CV-286, 2018 WL 11432996, at *3 (S.D. Ohio Oct. 24, 2018) ("Most District Judges in this circuit have concluded that it is improper to equitably toll the claims of potential opt-in plaintiffs . . . .").

Accordingly, Mr. Atwood's FLSA claim should be limited to the time period of September 7, 2018 to September 7, 2020 and after (i.e. two years before he filed the opt-in form in *Claiborne*). And he has no overtime claim to bring in that two-year period. After June 2018,

Mr. Atwood never again drove full-time, driving only part-time on weekends until he stopped driving altogether in 2019, when he started teaching full-time. (SOF ¶¶ 14, 24.)

## II.    ATWOOD HAS NOT SHOWN HE IS ENTITLED TO OVERTIME PAY

### A.    Atwood Has Not Shown That His Service Providers Failed to Pay Overtime

Even if Atwood were eligible to receive an overtime rate of pay for some period of time prior to September 7, 2018, to prove that FedEx is liable for unpaid overtime, Atwood bears the initial burden of proving, at a minimum, that his Service Providers—Chattanooga and Wolf Transport—did not pay him an overtime premium when he worked more than 40 hours in a workweek in which he drove a light vehicle. *See Reinig v. RBS Citizens, N.A.*, No. 2:15-CV-01042-AJS, 2017 WL 8941217, at *8 (W.D. Pa. Aug. 2, 2017) (FLSA overtime claim "requires proof that a plaintiff worked more than forty hours in a given week, but was not compensated at one-and-a-half times their regular rate of pay for all or part of this overtime work."); *accord Rosano v. Twp. of Teaneck*, 754 F.3d 177, 188 (3d Cir. 2014) (plaintiff bears initial burden of proving he "performed work for which he was not properly compensated"). Mr. Atwood has not—and cannot—meet that burden.

Atwood has not produced any evidence that either Chattanooga or Wolf Transport failed to pay him an overtime premium for any eligible hours. Atwood testified that he was paid a piece rate of pay by Chattanooga. (SOF ¶ 18 (testifying that he was paid per stop).) But Atwood has not produced any paystubs or payroll records of any kind from Chattanooga; though he testified that he did receive physical paystubs from Chattanooga, he admits that he did not keep them. (*Id.* ¶ 19.) Nor has he produced any time records from his employment with Chattanooga. (*Id.* ¶ 21.) Though he claims he sometimes took notes on how many hours he worked for Chattanooga, he admits that he threw those notes away on a weekly basis and no longer has any such notes. (*Id.*) And Atwood simply saying he was paid a piece rate does not, without more, automatically also

require the conclusion that he was not paid overtime; it is not a violation of the FLSA to pay an employee a piece rate, as overtime can be paid using such a pay method. *See* 29 C.F.R. § 778.111 (explaining how to calculate overtime for an employee paid "on a piece-rate basis").

Atwood has produced paystubs from most of his employment with Wolf Transport. (SOF ¶ 20.) Those paystubs reflect that Wolf Transport paid Atwood a piece rate through August 19, 2017, after which Wolf Transport paid Atwood a day rate. (*Id.*) But Atwood testified that he did not keep track of the time he worked on any of the days he worked for Wolf Transport. (*Id.* ¶ 22.) And Atwood admits that he has no documentation to establish what weeks, if any, he worked more than 40 hours. (*Id.* ¶ 23.) Moreover, as above, that Wolf Transport paid Atwood a piece rate through August 19, 2017 does not mean he was not paid overtime. And that Atwood was paid a day rate thereafter also does not, without more, require the conclusion that he was not paid overtime, as it is also not a violation of the FLSA to pay an employee a day rate, and overtime can be paid using the day rate method of pay. 29 C.F.R. § 778.112 (explaining how to calculate overtime for an employee "paid a flat sum for a day's work").

Atwood is likely to try to rely on the summary scanner data to act as a proxy for his compensable time, but it would be improper for him to do so. Atwood testified that he took breaks during his workdays, occasionally worked a side job or ran errands in the middle of his workdays, and admitted that even if he was taking a break, running an errand, or working his side job, he stayed logged in to his scanner at all times. (SOF ¶ 26; *see also* Ex. C, Atwood Dep. 142:19-22 ("Q.  . . . this scanner data doesn't reflect . . . any breaks that you took during the day, right? A. Correct.").) Thus, absent any competent evidence that his Service Providers did not pay him overtime when it was due, Atwood has not sustained (and cannot sustain) his initial burden of proof. FedEx is thus entitled to summary judgment on his claims.

**B.      Atwood Did Not Work Any Overtime After September 8, 2018**

Atwood's own testimony, and the evidence on which Plaintiff is likely to improperly choose to rely (i.e., Summary Data) both reflect that Atwood has no overtime claim for the time period during which his claim is not barred by the statute of limitations—September 8, 2018, through the end of his time driving for Wolf Transport—because he did not work any overtime during that time period. Atwood testified that in 2017, while he was working for Wolf Transport, he started working as a youth life coach at a school. (SOF ¶ 24.) Atwood further testified that in 2018 he "stopped full-time" and went down to only working weekends for Wolf Transport. (*Id.*) And the Summary Data corroborates Atwood's testimony, reflecting that Atwood did not log more than 25 hours on duty in a single workweek after September 8, 2018, and for most such workweeks, Atwood was on duty for fewer than 10 hours. (*Id.*) FedEx is thus entitled to summary judgment in full on Atwood's claim.

**C.      Atwood Is Not Entitled to Overtime For Weeks In Which He Did Not Drive Light Vehicles**

1.      Atwood is subject to the Motor Carrier Act Exemption

Section 207 of the FLSA requires employers to pay employees overtime for all hours worked over 40 in a single workweek. 29 U.S.C. § 207. This requirement, however, does not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49" (i.e., the Motor Carrier Act ("MCA")). 29 U.S.C. § 213(b)(1). An employee is subject to the authority of the Secretary of Transportation, and is thus exempt under section 213(b)(1), if they: (1) are employed by a "motor carrier" within the meaning of the MCA; and (2) perform duties that directly affect the safety of operation of motor vehicles in interstate and

foreign commerce, including by driving. *Mazzarella v. Fast Rig Support, LLC*, 823 F.3d 786, 791 (3d Cir. 2016); *see also* 29 C.F.R. § 782.2(a). Atwood meets each of these requirements.

There is no dispute that FedEx is a "motor carrier" within the meaning of the MCA. FedEx is registered with the USDOT and the FMCSA as a motor carrier of property for compensation. (SOF ¶ 1.) Consequently, if FedEx is Atwood's joint employer, as he alleges in his complaint, then he is employed by a "motor carrier" subject to the MCA.[8] In any event, the Service Providers that employed Atwood are also motor carriers under the MCA, as they too "provid[e] motor vehicle transportation for compensation." 49 U.S.C. § 13102(14) (defining "motor carrier"); *accord* 49 U.S.C. § 31501(2).

Nor can there be any dispute that Atwood was a driver whose duties affected the safety of operation of motor vehicles in transportation on public highways and in interstate commerce. Atwood alleges that he worked as a driver who delivered packages. (First Am. Compl. ¶ 3.) As such, he is an employee whose duties "directly affect[] the safety of operation of motor vehicles" within the meaning of the MCA. *See* 29 C.F.R. § 782.2(b)(2); *Mayan v. Rydbom Exp., Inc.*, No. CIV.A. 07-2658, 2009 WL 3152136, at *3 (E.D. Pa. Sept. 30, 2009) ("duties of drivers affect safety of operation") (citing *Levinson v. Spector Motor Serv.*, 330 U.S. 649, 664-65 (1947)).

The interstate commerce nexus also is satisfied. An employee engages in interstate commerce if his delivery forms a part of a "practical continuity of movement across State lines," such that "the essential character of the movement" is interstate in nature. *Mazzarella*, 823 F.3d at 791 (internal quotation marks omitted); *accord Deherrera v. Decker Truck Line, Inc.*, 820

---

[8] FedEx denies that it is Atwood's employer under the FLSA, but that denial is not relevant to this motion. Atwood's claim fails as a matter of law <u>even if</u> FedEx were deemed to be his joint employer. Of course, if Atwood cannot prove that FedEx is his joint employer, his claim against FedEx fails as a matter of law anyway.

F.3d 1147, 1155 (10th Cir. 2016) ("[A]n employee engages in interstate commerce where the essential character of the shipment is interstate in nature." (internal quotation marks omitted)). Thus, even "when the transportation takes place within a single state," the interstate commerce nexus may still be met by showing that the essential character of the work involves the delivery of goods that have moved across state lines. *Mazzarella*, 823 F.3d at 791. There is no dispute that, here, FedEx customer packages are intended to be, and in fact are, transported across state lines. (SOF ¶ 2.) Thus, Atwood necessarily engaged in interstate commerce by delivering those packages in the course of his work for Service Providers. Atwood is subject to the MCA exemption as a matter of law.

2.    Atwood has not shown he is eligible for overtime pay under the "small vehicle" exception to the MCA exemption for certain workweeks

Employees who are subject to the MCA exemption may be entitled to overtime pay under the "small vehicle" exception to that exemption. As relevant here, that exception applies to employees who, "in whole or in part," drive vehicles weighing 10,000 pounds or less (i.e., "light" or "small" vehicles). *McMaster v. E. Armored Servs., Inc.*, 780 F.3d 167, 168 (3d Cir. 2015); *see also* SAFETEA-LU Technical Corrections Act, Pub. L. No. 110-244, § 306(a), (c), 122 Stat. 1572 (2008). To determine the weight of a vehicle for purposes of applying this exception, courts use the vehicle's GVWR. *See, e.g.*, *Carley v. Crest Pumping Techs., L.L.C.*, 890 F.3d 575, 582 (5th Cir. 2018) (holding that "GVWR is the proper measure of weight" when applying the small vehicle exception); *McCall v. Disabled Am. Veterans*, 723 F.3d 962, 966 (8th Cir. 2013) (same). This is the weight "specified by the manufacturer as the loaded weight of a single motor vehicle." 49 C.F.R. § 390.5T (effective Sept. 27, 2018).

Atwood bears the burden of proving he is eligible for overtime pay under the small vehicle exception. *Carley*, 890 F.3d at 580 (holding that employee bears burden of proving

applicability of small vehicle exception to MCA exemption); *Minor v. Cent. Forest Prods., Inc.*, No. 3:19-CV-01631-CLS, 2021 WL 1102437, at *15 (N.D. Ala. Mar. 23, 2021) ("Plaintiff has the burden of proving that the [small vehicle] exception applies."); *Noll v. Flowers Foods Inc.*, 478 F. Supp. 3d 59, 66–67 (D. Me. 2020) (recognizing that plaintiff bears the burden of showing "the TCA exception to the MCA defense" applies). Atwood must satisfy two independent requirements to qualify for overtime under the small vehicle exception. First, his use of light vehicles during the relevant period must be more than de minimis. *See, e.g.*, *Oddo v. Bimbo Bakeries U.S.A., Inc.*, 391 F. Supp. 3d 466, 471-72 (E.D. Pa. 2019). Second, even if covered by the small vehicle exception, Atwood is entitled to overtime pay for work in excess of 40 hours only during weeks in which he drove a light vehicle. *See Crow v. ProPetro Servs., Inc.*, No. MO:15-CV-00149-RAJ, 2016 WL 9776367, at *6 (W.D. Tex. Sept. 27, 2016). Thus, to avoid summary judgment as to individual workweeks, Atwood must proffer sufficient evidence to establish a genuine issue of material fact as to whether he drove a light vehicle in each workweek in which he alleges he is owed overtime.

The summary scanner data shows that from November 27, 2015 through the end of his employment with Chattanooga, Atwood delivered packages on 183 days. According to the available vehicle weight data, Atwood drove vehicles with an unknown GVWR on 6 of those days. (SOF ¶ 15.) The summary scanner data shows that during his employment with Wolf, Atwood delivered packages on 550 days. According to the available vehicle weight data, Atwood drove vehicles with a GVWR of 10,001 pounds or more on 3 of those days, and drove vehicles with an unknown GVWR on 66 of those days. (*Id.* ¶ 16.)

Atwood has not produced evidence indicating that any unknown vehicle he drove was a light vehicle. Atwood testified that he sometimes drove rental vehicles for his Service Providers,

but admits that he does not know the GVWR of any of those rentals. (SOF ¶ 17.) Atwood has not made any effort to locate and provide evidence of light vehicle use in the nearly five years since he opted in to *Claiborne*. Atwood has had ample opportunity to develop a record sufficient to substantiate his claims and, yet, he has done nothing to do so.

Further, where the summary data reflects that a driver drove a vehicle with an unknown GVWR, Atwood, as an opt-in Plaintiff in *Claiborne*, took the position that the presumption should be that such vehicle is "heavy" for purposes of determining eligibility to receive overtime pay under the FLSA. (*See Claiborne*, Mem. in Supp. of Pls.' Mot. to Dismiss, ECF No. 398 (Plaintiffs moving to dismiss 450 opt-in Plaintiffs who did not drive vehicles with a known GVWR of 10,000 pounds or less at least 1% of the time); *id.*, Ex. 1 at 10, ECF No. 398-1 (assuming that vehicles with an unknown GVWR are heavy).) The Court granted Plaintiffs' request to dismiss previous opt-ins on that very basis, and did so with prejudice. (*Claiborne*, Mem. Op., ECF No. 431.)

Atwood is thus not entitled to overtime for any workweek in which he drove only vehicles of unknown weight and/or heavy vehicles, and FedEx is entitled to summary judgment in its favor on all such weeks. *See Wofford v. Seba Abode, Inc.*, No. 2:20-CV-00084-RJC, 2024 WL 4266558, at *7 (W.D. Pa. Sept. 23, 2024) ("the court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to his or her case, and on which he or she will bear the burden of proof at trial").

## CONCLUSION

For these reasons, FedEx respectfully requests that the Court enter summary judgment for it in full against Plaintiff Timothy Atwood.

Dated: May 9, 2025                              Respectfully submitted,


                                                *s/ Jessica E. Eller*
                                                Jessica G. Scott (CO 37287) (*pro hac vice*)
                                                Jessica E. Eller (CO 59362) (*pro hac vice*)
                                                Wheeler Trigg O'Donnell LLP
                                                370 Seventeenth Street, Suite 4500
                                                Denver, CO  80202-5647
                                                Telephone:     303.244.1846
                                                Facsimile:      303.244.1879
                                                scott@wtotrial.com
                                                eller@wtotrial.com

                                                Joseph P. McHugh (PA 77489)
                                                Shanicka L. Kennedy (PA 88306)
                                                Federal Express Corporation
                                                1000 FedEx Drive
                                                Moon Township, PA  15108
                                                Telephone:   412.859.5917
                                                Telephone:   412.859.5792
                                                Facsimile:    412.859.5413
                                                joseph.mchugh@fedex.com
                                                shanicka.kennedy@fedex.com

                                                Attorneys for Federal Express Corporation,
                                                successor by merger to FedEx Ground Package
                                                System, Inc.

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on May 9, 2025, I electronically filed the foregoing **FEDEX'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF TIMOTHY ATWOOD** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

- **Sara R. Schalman-Bergen**
  ssb@llrlaw.com, courtssb@llrlaw.com

- **Shannon Liss-Riordan**
  sliss@llrlaw.com

- **Matthew Carrieri**
  mcarrieri@llrlaw.com

- **Jeremy Edward Abay**
  jabay@llrlaw.com

- **Harold Lichten**
  hlichten@llrlaw.com

*s/ Jessica E. Eller*