# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY ATWOOD and PHOEBE GRANADO, | CIVIL ACTION |
| Plaintiffs, | No. 2:24-cv-01127-RJC |
| v. | **FEDEX'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF PHOEBE GRANADO** |
| FEDERAL EXPRESS CORPORATION, successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC., | |
| Defendant. | |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.    THERE IS NO GENUINE DISPUTE THAT GRANADO DID NOT WORK
      ANY OVERTIME AS OF AND AFTER SEPTEMBER 10, 2018 ................................... 2

II.   GRANADO'S CLAIM IS TIME BARRED BEFORE SEPTEMBER 10, 2018 ............... 2

      A.    Granado Is Not Entitled to the Extraordinary Remedy of Equitable Tolling ......... 3

            1.    Collateral estoppel on the issue of equitable tolling of statutes of
                  limitations does not apply ........................................................................... 3

            2.    Granado did not diligently pursue her claim, and the purported due
                  diligence of named Plaintiffs cannot be imputed to Granado ..................... 6

      B.    Granado Provides No Evidence of Willfulness ...................................................... 8

III.  GRANADO'S FAILURE TO PROFFER EVIDENCE THAT SHE WAS
      IMPROPERLY PAID REQUIRES SUMMARY JUDGMENT ..................................... 11

      A.    Granado Has No Evidence That She Was Improperly Paid ................................. 11

      B.    Plaintiffs Misapply the Small Vehicle Exception to the MCA Exemption .......... 14

# TABLE OF AUTHORITIES

## CASES

*Acosta v. Cent. Laundry*,
  2019 WL 3413514 (E.D. Pa. July 29, 2019)..............................................................13

*Alvarez v. BI Inc.*,
  2018 WL 2288286 (E.D. Pa. May 17, 2018).............................................................8

*Anderson v. Mt. Clemens Pottery*,
  328 U.S. 680 (1946)............................................................................................12, 13

*Butler v. TFS Oilfield Servs.*,
  2017 WL 7052879 (W.D. Tex. Sept. 26, 2017)........................................................8

*Callari v. Blackman Plumbing Supply*,
  988 F. Supp. 2d 261 (E.D.N.Y. 2013) .....................................................................9

*Carts v. Wings Over Happy Vally MDF, LLC*,
  2021 WL 1667291 (M.D. Pa. Apr. 28, 2021) ..........................................................7

*Colletti v. N.J. Transit*,
  50 F. App'x 513 (3d Cir. 2002) ...............................................................................6

*D.J.S.-W. by Stewart v. United States*,
  962 F.3d 745 (3d Cir. 2020)....................................................................................6

*Eltayeb v. Deli Mgmt.*,
  2024 WL 989490 (E.D. Tex. Mar. 7, 2024) ............................................................7

*Emonds v. Amazon.com*,
  2020 WL 5993908 (W.D. Wash. Oct. 9, 2020).......................................................10

*Fisher v. BAE Sys. Tech. Sols. & Servs.*,
  2024 WL 3455003 (D. Md. July 17, 2024)...............................................................9

*Genesis Healthcare Corp. v. Symczyk*,
  569 U.S. 66 (2013).....................................................................................................4

*Gillott v. Powerex, Inc.*,
  904 F. Supp. 442 (W.D. Pa. 1995)...........................................................................9

*Gui Zhen Zhu v. Matsu Corp.*,
  424 F. Supp. 3d 253 (D. Conn. 2020)......................................................................8

*Hantz v. Prospect Mortg.*,
  11 F. Supp. 3d 612 (E.D. Va. 2014) ........................................................................9

*Hart v. Gov't Emps. Ins.*,
609 F. Supp. 3d 323 (M.D. Pa. 2022) ............................................................... 5, 7

*Hoy v. Am. Coach Lines of Orlando*,
2012 WL 13129935 (M.D. Fla. Jan. 10, 2012) ....................................................... 8

*Ihegword v. Harris Cnty. Hosp. Dist.*,
555 F. App'x 372 (5th Cir. 2014) ...................................................................... 13

*In re Mintze*,
434 F.3d 222 (3d Cir. 2006) ............................................................................. 15

*Israel Antonio-Morales v. Bimbo's Best Produce*,
2009 WL 1591172 (E.D. La. Apr. 20, 2009) ........................................................ 8

*Jones v. Ferro Corp.*,
2023 WL 4456815 (N.D. Ohio July 11, 2023) ...................................................... 5

*Joyce v. Colter Energy Servs. USA*,
2024 WL 2794278 (W.D. Pa. May 31, 2024) ........................................................ 4

*Mark v. Gawker Media*,
2014 WL 5557489 (S.D.N.Y. Nov. 3, 2014) ......................................................... 8

*Martinez v. First Class Interiors of Naples*,
2020 WL 1694571 (M.D. Tenn. Apr. 7, 2020) ..................................................... 12

*Matter of Ross*,
602 F.2d 604 (3d Cir. 1979) ............................................................................... 3

*McColley v. Casey's Gen. Stores*,
627 F. Supp. 3d 972 (N.D. Ind. 2022) ................................................................ 7

*McDermott v. Fed. Sav. Bank*,
2018 WL 6718599 (E.D.N.Y. Sept. 28, 2018),
*r. & r. adopted*, 2019 WL 1305992
(E.D.N.Y. Mar. 22, 2019) ................................................................................... 7

*McLaughlin v. Richland Shoe*,
486 U.S. 128 (1988) .......................................................................................... 9

*Mende v. Wildcat Invs.*,
2018 WL 11432996 (S.D. Ohio Oct. 24, 2018) ..................................................... 4

*Oddo v. Bimbo Bakeries U.S.A., Inc.*,
391 F. Supp. 3d 466 (E.D. Pa. 2019) ........................................................... 14, 15

*Osborn v. JAB Mgmt. Servs.*,
  126 F.4th 1250 (7th Cir. 2025) ............................................................... 13

*Pignataro v. Port Auth. of N.Y. & N.J.*,
  593 F.3d 265 (3d Cir. 2010) .............................................................. 9, 11

*Reich v. Bay, Inc.*,
  23 F.3d 110 (5th Cir. 1994) ................................................................... 10

*Rosano v. Twp. of Teaneck*,
  754 F.3d 177 (3d Cir. 2014) ................................................................... 13

*Roy v. FedEx Ground*,
  353 F. Supp. 3d 43 (D. Mass. 2018) ................................................... 5, 6, 8

*Sandoz v. Cingular Wireless*,
  700 F. App'x 317 (5th Cir. 2017) .......................................................... 7, 8

*Santos ex rel. Beato v. United States*,
  559 F.3d 189 (3d Cir. 2009) ..................................................................... 7

*Sec'y U.S. Dep't of Lab. v. Nursing Home Care Mgmt.*,
  128 F.4th 146 (3d Cir. 2025) ................................................................... 13

*Sylvester v. Wintrust Fin.*,
  2014 WL 10416989 (N.D. Ill. Sept. 26, 2014) ...................................... 7, 8

*Taylor v. Pilot Corp.*,
  2018 WL 10550646 (W.D. Tenn. Mar. 8, 2018) ........................................ 5

*Tyger v. Precision Drilling*,
  832 F. App'x 108 (3d Cir. 2020) ............................................................... 9

*United States v. Esperanza-Vasquez*,
  211 F. App'x 140 (3d Cir. 2007) ............................................................. 15

*Vallejo v. N. E. Indep. Sch. Dist.*,
  2013 WL 3050484 (W.D. Tex. June 17, 2013) ......................................... 9

*Viet v. Le*,
  951 F.3d 818 (6th Cir. 2020) ................................................................... 13

*Williams v. Tri-Cnty. Growers*,
  747 F.2d 121 (3d Cir. 1984) .................................................................... 13

**STATUTES**

29 U.S.C. § 255 ...................................................................................... 2, 5

29 U.S.C. § 256 .................................................................................................................. 2

Plaintiffs' objections to FedEx's motion offer no legal or factual basis for denying it. First, they argue that this Court "has already held that drivers like Granado could pursue overtime claims dating back to November 27, 2015." But Judge Dodge in *Claiborne* granted tolling only to extend the conditional certification notice period. Plaintiffs incorrectly blur that notice tolling into a tolling of the limitations period, as though every opt-in has been granted the extraordinary remedy of equitable tolling of the statute of limitations back to November 27, 2015. Judge Dodge never even addressed that issue, let alone granted that remedy.

Second, Plaintiffs argue that willfulness needs to be decided at trial, but they produce no evidence that would support a finding of willfulness. Plaintiffs attempt to argue that adverse independent contractor misclassification decisions under a prior business model prove willfulness; that FedEx should have just accepted it would be a joint employer under a completely different business model. But based on the factual record of this case there is no way that a reasonable jury could find that Plaintiffs made a showing sufficient to prove willfulness.

Third, Plaintiffs argue that Granado has no obligation to prove she is owed overtime; that the burden is FedEx's to bear because Granado claims FedEx was her employer. This ignores the undisputed existence of the Service Providers that employed Granado but from whom Granado has never sought her time records, and Granado's admissions that she possesses most of her paystubs but hasn't produced them. This is not the scenario envisioned by *Mt. Clemens*.

Finally, Plaintiffs argue that if Granado drove light vehicles more than a de minimis amount of time, she should recover overtime for every week in which her compensable time exceeded 40 hours, including those during which she drove only heavy vehicles. That outcome would eviscerate the Motor Vehicle Exemption in a way no court has ever countenanced.

## I.    THERE IS NO GENUINE DISPUTE THAT GRANADO DID NOT WORK ANY OVERTIME AS OF AND AFTER SEPTEMBER 10, 2018

When testifying in support of her claim for unpaid overtime, Granado admitted that she did not work any overtime for Jammin, and confirmed that she is not pursuing a claim for unpaid overtime from her time working for Jammin. (FedEx's SOF ¶ 28 (at Jammin, "we don't work more than 40 hours")).) Further, Jammin's owner attested that Granado did not work any overtime for Jammin during weeks when she drove a vehicle with a GVWR of less than 10,001 pounds. (*Id*. ¶ 29.) Nonetheless—and, troublingly—Plaintiffs' counsel ignore Granado's sworn testimony about her own experience, and plead allegations contrary to Granado's testimony in an attempt to pursue a claim that Granado expressly testified she is not pursuing. (Pls.' Opp'n 15-16.) In support, Plaintiffs point to summary data—evidence that they acknowledge is not a proxy for time records because it does not record compensable time (*see, e.g.*, Pls.' Resp. to FedEx's SOF ¶ 24 (admitting that when Granado worked for DWIL "she was not provided with means to track her time worked"); *see also* FedEx's SOF ¶¶ 6, 21, 37)—as support for their insistence that Granado worked overtime she says she did not (*see, e.g.*, Pls.' Opp'n 15-16).

According to Granado, DWIL is the only Service Provider that she claims owes her unpaid overtime. (*See* Pls.' Resp. to FedEx's SOF ¶ 27.) The summary data reflects that Granado did not drive for DWIL after April 6, 2017. (FedEx's SOF ¶ 28.) Thus, per Granado's own testimony she did not work any overtime for any Service Provider after April 6, 2017.

## II.    GRANADO'S CLAIM IS TIME BARRED BEFORE SEPTEMBER 10, 2018

Granado didn't opt-in to *Claiborne* until September 10, 2020, but contends she should be able to seek overtime going back nearly five years to November 27, 2015. (Pls.' Opp'n 6.) The FLSA lets workers seek to recover unpaid overtime for two years from the date they file suit or an opt-in form to a collective, or three if they prove willfulness. 29 U.S.C. §§ 255-256. For

Granado, that means to September 10, 2018, in the normal course, or September 10, 2017, if she

can prove willfulness. Plaintiffs' arguments regarding willfulness and equitable tolling fail.

### A.    Granado Is Not Entitled to the Extraordinary Remedy of Equitable Tolling

#### 1.    Collateral estoppel on the issue of equitable tolling of statutes of limitations does not apply

In seven sentences, Plaintiffs describe the elements of collateral estoppel; conflate Judge

Dodge's September 30, 2019, decision granting conditional certification and setting "the notice

period" in *Claiborne, et. al. v. FedEx Ground* (*Claiborne*, Mem. Op. 7-13, ECF No. 106

(emphasis added) ("9/30/19 Decision")) into a substantive decision that all those yet to opt in

would get to recover overtime all the way back to November 27, 2015; and contend that FedEx is

estopped from challenging Granado's right to tolling of the limitations period in this case. (Pls.'

Opp'n 7-8.) Plaintiffs improperly conflate equitable tolling for procedural issuance of notice to

potential opt-ins with the substantive issue of tolling an individual plaintiff's limitations period.

"For a party to be estopped from relitigating an issue, four elements must be present: (1)

the issue sought to be precluded must be the same as the one involved in the prior action; (2) the

issue must have been actually litigated; (3) the issue must have been determined by a valid and

final judgment; and (4) the determination must have been essential to the prior judgment." (*Id.* at

7 (citing to *Matter of Ross*, 602 F.2d 604, 608 (3d Cir. 1979)).) Plaintiffs have proven none of

these.

The 9/30/19 Decision tolled "the notice period" to issue notice to potential collective

action members. Plaintiffs admit this. (*Id.* at 7 (Judge Dodge issued an order "equitably tolling

the notice period."); *id.* at 10 (the court "toll[ed] the notice period").) As Plaintiffs further admit,

before that order "both parties [in *Claiborne*] submitt[ed] briefing on whether the notice period

should be tolled." (*Id.* at 7-8 (emphasis added).) Despite this plain and clear limitation on what

was actually litigated and decided in *Claiborne* when it came to equitable tolling—the notice period—Plaintiffs argue in their opposition that this should be extended to collaterally estop FedEx from arguing that <u>the statute of limitations on Granado's individual claim has run</u>.

But as is clear from that briefing and Judge Dodge's order, Judge Dodge did not even consider, much less decide, whether <u>any</u> plaintiff's or opt-in's claim was entitled to a tolled statute of limitations that would <u>extend their claims</u> back to November 27, 2015—nearly three years before the complaint in *Claiborne* was even filed, and nearly five years before many of them, including Granado, opted in. Plaintiffs' collateral estoppel argument thus fails.[1]

As this Court has recognized, tolling the notice period is not the same as tolling the statute of limitations: a court can grant an extended notice period "for the purpose of obtaining a comprehensive class of potential opt-in plaintiffs" without making "any determination of the actual limitations governing any opt-in member's claim." *Joyce v. Colter Energy Servs. USA*, 2024 WL 2794278, at *5 (W.D. Pa. May 31, 2024). Courts, including this one, concur that it would be "premature" and "not appropriate" to determine "merits-based matters" such as "whether . . . equitable tolling appl[ies] to any opt-in member's claim . . . at [the] preliminary stage of the certification process." *Id.* This is so because a court does not have jurisdiction over individuals who are not yet parties to the case. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) ("conditional certification does not produce a class with an independent legal status"; opt-ins "become parties . . . only by filing written consent"); *Mende v. Wildcat Invs.*,

---

[1] FedEx does not dispute that in *Claiborne*, at decertification, the Court ordered "[p]ursuant to the agreement of the parties" that the dismissed opt-ins' respective limitations periods would continue tolling through August 6, 2024, so that all such opt-ins would have the opportunity to refile their individual claims. (Decertification Order, ECF No. 526.) That, however, had no bearing on whether Granado or any other dismissed opt-in had any entitlement to an <u>extended</u> statute of limitations period dating back five years before they actually opted in to *Claiborne*.

2018 WL 11432996, at *3 (S.D. Ohio Oct. 24, 2018) ("Most District Judges in this circuit have

concluded that it is improper to equitably toll the claims of potential opt-in plaintiffs . . . .").

Further, named plaintiffs arguably "lack[] standing to pursue equitable tolling for other members

of the class . . . [who] are not parties." *Hart v. Gov't Emps. Ins.*, 609 F. Supp. 3d 323, 327 (M.D.

Pa. 2022); *see also Jones v. Ferro Corp.*, 2023 WL 4456815, at *7 (N.D. Ohio July 11, 2023)

(same); *Taylor v. Pilot Corp.*, 2018 WL 10550646, at *2 (W.D. Tenn. Mar. 8, 2018) (named

plaintiffs lack standing "to make use of the equitable tolling doctrine" for potential opt-ins).

     The *Roy* court made this clear as well. There, Plaintiffs' counsel (there and in this case)

requested that the court rule on the issue of tolling the statute of limitations for putative opt-ins

and the court refused, holding that an order on the question of whether "individuals who have not

opted in to the case" were entitled to such tolling would be "an advisory opinion which [a] court

cannot issue." (*Roy*, Order, ECF No. 70, attached as Ex. M (denying plaintiffs' "premature"

motion for equitable tolling "without prejudice to its renewal at the appropriate time" (emphasis

added)).) Despite the opportunity to do so now, Plaintiffs make no attempt to square *Roy*'s ruling

with their tolling argument here, despite wanting to extend their claims back to 2015 based on

*Roy*. The *Roy* court understood the distinction between tolling for notice purposes (which the

parties agreed to in *Roy*) versus tolling an individual opt-in's statute of limitations for more than

notice purposes (which the *Roy* court expressly declined to do).[2]

---

[2] Plaintiffs reference the parties' agreement in *Roy v. FedEx Ground*, 353 F. Supp. 3d 43 (D. Mass. 2018), which related to tolling during the 14 months the court took to rule on the plaintiffs' motion for conditional certification and FedEx's motion to dismiss. (Pls.' Opp'n 4.) The parties agreed that FedEx would "not pursue its limitation period defense under 29 U.S.C. § 255 in this case against anyone who opts into the case to the extent that defense is based on the passage of time between February 19, 2018, and the date on which 'there is a ruling on Plaintiffs' motion for conditional certification and issuance of notice of a collective action.'" (*Roy*, Stipulation as to Equitable Tolling 1, ECF No. 30 (emphasis added), attached as Ex. W (references to new exhibits are attached to the Appendix for FedEx's Reply in Support of Motion

This history shows that Plaintiffs' collateral estoppel argument on equitable tolling fails on all four prongs. The *Roy* plaintiffs actually lost that issue; it's not the issue that was actually litigated or determined by Judge Dodge in *Claiborne;* and it wasn't essential to this Court's 9/30/19 Decision about the "proper time period" for <u>notice</u>.

Courts decide the question of equitable tolling of the statute of limitations "on a case-by-case basis." *Colletti v. N.J. Transit*, 50 F. App'x 513, 517 (3d Cir. 2002). Granado's claim was preserved by the 9/30/19 Decision in the sense that, despite the passage of time, she was included in the group receiving notice, could still opt-in to *Claiborne* and, if eligible and necessary, seek equitable tolling for her particular claim. But Granado never sought equitable tolling after opting into *Claiborne* and has not sought it here (nor can she, because, as shown below she can't show entitlement to this "extraordinary remedy"), despite the *Roy* court telling Plaintiffs' counsel the correct time to seek equitable tolling of the limitations period was after opting in.

> 2.    Granado did not diligently pursue her claim, and the purported due diligence of named Plaintiffs cannot be imputed to Granado

The Third Circuit has articulated three principal situations in which equitable tolling may be appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting her rights; or (3) where the plaintiff has timely asserted her rights mistakenly in the wrong forum." *See D.J.S.-W. by Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020). None of those situations apply here, nor do Plaintiffs argue any of them. And even if they did,

---

for Summary Judgment Against Plaintiff Phoebe Granado).)  That agreement addressed people who would potentially be joining *Roy* (not any potential future cases) only after receiving (delayed) notice of *Roy*, and referenced FedEx waiving only potential statute of limitations defenses in *Roy* <u>for that time period</u>. Granado did not opt-in to *Roy*. And, as further discussed below, this was the type of tolling to account for delay in issuing notice only.

Plaintiffs have not met their additional burden to show that Granado "exercised due diligence in pursuing and preserving her claim." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009).

Plaintiffs contend that "the original plaintiffs in *Roy* and *Claiborne*" acted with diligence, so "[b]y extension, Granado—who opted into *Claiborne* at the earliest opportunity" also did. (Pls.' Opp'n 10.) But when "an employee's own inaction relegates opt-in notice from a specific suit as the only means of discovering an FLSA violation, [courts decline to] transform routine litigation into an extraordinary circumstance." *Sandoz v. Cingular Wireless*, 700 F. App'x 317, 321 (5th Cir. 2017) ("[e]quitable tolling [] focuses on whether an external obstacle 'prevented timely filing'"); *Sylvester v. Wintrust Fin.*, 2014 WL 10416989, at *3 (N.D. Ill. Sept. 26, 2014); *Eltayeb v. Deli Mgmt.*, 2024 WL 989490, at *2 (E.D. Tex. Mar. 7, 2024) (it is the "potential opt-in plaintiff, rather than the named plaintiff, [who] must have exercised reasonable diligence"); *see also Carts v. Wings Over Happy Vally MDF*, 2021 WL 1667291, at *6 (M.D. Pa. Apr. 28, 2021) (citing cases); *McDermott v. Fed. Sav. Bank*, 2018 WL 6718599, at *4-5 (E.D.N.Y. Sept. 28, 2018), *r. & r. adopted*, 2019 WL 1305992 (E.D.N.Y. Mar. 22, 2019). "[L]ooking to a named plaintiff's diligence" could "turn[] an extraordinary remedy into a vast wormhole that could routinely bypass the statute of limitations and congressional intent." *McColley v. Casey's Gen. Stores*, 627 F. Supp. 3d 972, 979–80 (N.D. Ind. 2022).[3]

Granado began driving for DWIL at least as early as 2015, and began driving for Jammin in 2016. Granado admits that it was her Service Providers who discussed with her how she

---

[3] Even *Hart*, 609 F. Supp. 3d at 330, on which Plaintiffs rely, acknowledges that "many cases hold [] that the diligence of the named plaintiff cannot be imputed to opt-in plaintiffs." Regardless, *Hart* is inapplicable because the court granted equitable tolling <u>after</u> "all potential members ha[d] filed written consent"; thus, it was not "rendering an impermissible advisory opinion" as to potential parties not yet before it. *Id.* at 327.

would be paid. (Pls.' Resp. to FedEx's SOF at ¶ 44.) Thus, as early as 2015 and 2016, Granado had "the information necessary to trigger a duty to inquire as to whether" DWIL's and then Jammin's pay practices were proper, but did not file a claim against FedEx until more than five and four years later respectively; as such, Granado did not exercise due diligence. *See Sandoz*, 700 F. App'x at 321 (no equitable tolling where "[t]he timesheets and paycheck memos . . . available to all . . . employees provided the information necessary to trigger a duty to inquire").

Finally, while Plaintiffs complain about delay in ruling on the conditional certification motion in *Roy* (Pls.' Opp'n 9), they do not claim that there was such delay in *Claiborne*. Regardless, courts agree that routine aspects of litigation, including conditional certification, do not qualify as "extraordinary circumstances."[4] Plaintiffs cited cases do not say differently. In *Gui Zhen Zhu v. Matsu*, the court did not grant equitable tolling, but reserved deciding the issue until after the opt-in period so that it could "evaluate the timeliness of each plaintiff's individual claims." 424 F. Supp. 3d 253, 275 (D. Conn. 2020). And in *Israel Antonio-Morales v. Bimbo's Best Produce*, the DOJ filed a motion to intervene and stay, resulting in a mandatory stay of the case before notice issued. 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009).

## B.    Granado Provides No Evidence of Willfulness[5]

Plaintiffs point to nothing that precludes summary judgment for FedEx on willfulness. Courts routinely grant summary judgment on the issue when a plaintiff does not offer sufficient

---

[4] *See, e.g.*, *Alvarez v. BI*, 2018 WL 2288286, at *15 (E.D. Pa. May 17, 2018); *Mark v. Gawker Media*, 2014 WL 5557489, at *2 (S.D.N.Y. Nov. 3, 2014); *Sylvester*, 2014 WL 10416989, at *2; *Butler v. TFS Oilfield Servs.*, 2017 WL 7052879, at *6 (W.D. Tex. Sept. 26, 2017); *Sandoz*, 700 F. App'x at 321; *Hoy v. Am. Coach Lines of Orlando*, 2012 WL 13129935, at *2 (M.D. Fla. Jan. 10, 2012).

[5] If the Court agrees that Granado has no claim for the time she worked for Jammin and that equitable tolling does not extend her claim, it need not address this argument because the last time she worked for DWIL was more than three years before her opt-in form was filed.

evidence to sustain a finding of willfulness as a matter of law.[6] And courts do so even when fact disputes preclude summary judgment on the underlying FLSA violations.[7] What matters for purposes of FedEx's motion is whether Granado has produced sufficient evidence to prove that FedEx "knew or showed reckless disregard" as to whether its conduct towards her violated the FLSA. *Tyger*, 832 F. App'x at 115–16 (quoting *McLaughlin v. Richland Shoe*, 486 U.S. 128, 133 (1988)); *see also Hantz*, 11 F. Supp. 3d at 617 ("[A] plaintiff must present sufficient evidence of willfulness to survive summary judgment." (citing *Pignataro*, 593 F.3d at 273)). She has not.

Plaintiffs offer no evidence showing FedEx knew or had a reason to know that Granado allegedly did not receive overtime pay. Nor do Plaintiffs dispute facts showing the opposite. (*Compare* FedEx's Mem. 6-8, *with* Pls.' Opp'n 12-15.) Granado admits that it was her Service Providers who discussed with her how she would be paid. (Pls.' Resp. to FedEx's SOF ¶ 44.) She also admits that she never spoke with anyone at FedEx about her pay from DWIL or Jammin; that it was DWIL and Jammin, not FedEx, that issued her paychecks and W-2s; that she never told anyone at FedEx that she believed she was owed unpaid overtime; that she never told anyone at DWIL that she believed she was owed unpaid overtime; and that she is not owed any overtime for her time working for Jammin. (*Id.* ¶¶ 25, 28, 45-47.)

Absent evidence that FedEx had reason to know Granado was not paid overtime when owed it, or that FedEx failed to act once it became aware (it never did), Granado, as a matter of law, cannot prove willfulness. *Vallejo v. N. E. Indep. Sch. Dist.*, 2013 WL 3050484, at *6 (W.D.

---

[6] *See Tyger v. Precision Drilling*, 832 F. App'x 108, 115–16 (3d Cir. 2020); *Pignataro v. Port Auth. of N.Y. & N.J.*, 593 F.3d 265, 273 (3d Cir. 2010); *Gillott v. Powerex*, 904 F. Supp. 442, 450 (W.D. Pa. 1995); *Fisher v. BAE Sys. Tech. Sols. & Servs.*, 2024 WL 3455003, at *10 (D. Md. July 17, 2024); *Hantz v. Prospect Mortg.*, 11 F. Supp. 3d 612, 616–17 (E.D. Va. 2014); *Callari v. Blackman Plumbing Supply*, 988 F. Supp. 2d 261, 280–81 (E.D.N.Y. 2013).

[7] *See Tyger*, 832 F. App'x at 115; *Callari*, 988 F. Supp. 2d at 280–81, 283–84; *Gillott*, 904 F. Supp. at 449–50.

Tex. June 17, 2013) (FLSA violation not willful where it "was remedied immediately upon [defendant] learning of the problem."); *cf. Reich v. Bay*, 23 F.3d 110, 117 (5th Cir. 1994) (violation willful where defendants were made aware of it but failed to investigate or act).

Plaintiffs next contend that their <u>allegations</u> of joint employment are sufficient to create a dispute of material fact on the issue of willfulness. (Pls.' Opp'n 12-15.)[8] But the issue of joint employment is irrelevant because "the FLSA does not bar [defendant] from being a joint employer." *See, e.g.*, *Emonds v. Amazon.com*, 2020 WL 5993908, at *5 (W.D. Wash. Oct. 9, 2020). Unable to contest that reality, Plaintiffs argue that adverse decisions on independent contractor misclassification mean FedEx somehow should have realized it would be deemed a joint employer under a completely different business model. (Pls.' Opp'n 12.) They also argue that because FedEx has been <u>sued</u> in other cases for unpaid overtime, it had "ample notice that its overtime compensation scheme violates the FLSA." (*Id.*) This is argument, not a fact dispute. And it is argument built on sand because, under the pertinent model, FedEx has never been found to be a joint employer, and certainly not <u>before</u> Granado's alleged violations occurred. It also ignores that Granado's two employers were contractually obligated to comply with the FLSA.[9]

---

[8] Plaintiffs state "there is no real dispute" on the issue of joint employment. (*Id.* at 6 n.3.) The <u>many</u> facts that remain in dispute are detailed in FedEx's opposition to Plaintiffs' cross motion for summary judgment. Plaintiffs also make reference to "all of the drivers who are a part of this, and the related, cases" (*id.*), stating that a decision on their cross motion will likely result in resolution of those cases. This is unfounded and apparently being stated to suggest that if the Court rules for Plaintiffs here on joint employment, it will not have to deal with the mess created by Plaintiffs' counsel's misjoined mass actions. As FedEx has made clear many times, the question of joint employment is highly individualized and it will not be resolving other cases based on this one.

[9] Plaintiffs assert that "[w]hether FedEx willfully violated the FLSA" might be "decided in Plaintiffs' favor in conjunction with their cross-motion"; thus conceding this is an issue that can be decided on summary judgment. (*Id.* at 15.) The problem for Plaintiffs, however, is that <u>they</u> have not moved for summary judgment on willfulness.

The undisputed evidence shows FedEx acted reasonably both in concluding that <u>Service Providers</u> were responsible for FLSA compliance and relying on their assurances of such compliance. (*See* FedEx's Mem. 7-8.) The Court should thus grant summary judgment for FedEx on willfulness and apply the two-year statute of limitations to Granado's claim. *See Pignataro*, 593 F.3d at 273 (granting summary judgment for defendant on willfulness where "legal authority for [defendant's] conclusion" and other evidence showed its "actions were reasonable").

## III.    GRANADO'S FAILURE TO PROFFER EVIDENCE THAT SHE WAS IMPROPERLY PAID REQUIRES SUMMARY JUDGMENT

Even if Granado were entitled to an extended limitations period, FedEx would still be entitled to judgment on her claim because she cannot meet her burden of proof.

### A.    Granado Has No Evidence That She Was Improperly Paid

Granado produced only one paystub and no time records from her employment with DWIL, despite testifying that she received and retained physical paychecks from DWIL. (Pls.' Resp. to FedEx's SOF ¶¶ 16, 19-20.) Likewise, Granado produced only five paystubs from her employment with Jammin, despite admitting that she received and retained paystubs from Jammin. (*Id*. ¶¶ 32-33, 36.) Moreover, Granado has not produced a single time record from her employment with Jammin though she admitted Jammin has used an app to track compensable time since at least 2019. (*Id*. ¶¶ 34, 36.) Even if Granado produced more paystubs from either Service Provider, if they are similar to the few she did produce, they are not evidence of any <u>material</u> fact in support of Granado's claim: they say nothing of how many compensable hours Granado worked in each workweek, nor do they indicate the GVWR of the vehicles she drove.

Because they have no evidence in support of Granado's claim, Plaintiffs want the summary data that FedEx produced to serve as a proxy for evidence of Granado's time worked, but the summary data does not reflect the number of compensable hours Granado worked in any

workweek; rather, it reflects time spent "on duty" as defined by the DOT, which is not the same thing as compensable time for purposes of calculating potential overtime. (*See* FedEx's Resp. to Pls.' Add'l Material Facts at ¶ 21.) Granado herself acknowledged that the summary data accounts for time she was logged in as on duty but not actually working: Granado testified that she took breaks, went out for lunch, ran personal errands, and attended dentist and doctor appointments during her work days at Jammin without logging out of the scanner. (Pls.' Resp. to FedEx's SOF ¶ 37; *see also* FedEx's Resp. to Pls.' SOF ¶ 24.)

The burden of proof in FLSA cases is well-established. It is <u>Granado</u> who must prove that she "performed work for which [she] was not properly compensated." *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680, 686–87 (1946). Yet Plaintiffs attempt to flip Rule 56 and *Mt. Clemens* on their heads, suggesting that because FedEx is <u>alleged</u> to be Granado's joint employer, it must produce records to <u>disprove</u> Granado's overtime claim. (Pls.' Opp'n 16-18.) Not so. Moreover, Granado could have "easily discharge[d] [her] burden by securing the production" of complete payroll and timekeeping records from her undisputed former employers. *Mt. Clemens*, 328 U.S. at 687. Indeed, Granado opted in to *Claiborne* on September 10, 2020, while still employed by Jammin, yet Granado and her counsel have done <u>nothing</u> to obtain <u>complete</u> records (including <u>any</u> time records) from Granado's undisputed employers, nor have they produced pay records Granado admitted at her deposition she had. (FedEx's SOF ¶¶ 19, 33.) Under Plaintiffs' interpretation, *Mt. Clemens* would permit Granado to sit on her hands, ignoring known sources for this information, in order to use a lesser standard of proof. This is wrong.

Nor is Granado entitled to a relaxed burden of proof because FedEx did not maintain records. FedEx is not aware of any authority (nor have Plaintiffs cited to any) applying this lesser burden to a disputed joint employer. *See Martinez v. First Class Interiors of Naples*, 2020 WL

1694571, at *7 (M.D. Tenn. Apr. 7, 2020) (plaintiffs could invoke *Mt. Clemens* against alleged joint employer only if neither the actual employer nor the alleged joint employer had relevant records). Adopting such a rule here would incentivize plaintiffs to ignore their obligations to obtain (and preserve their own) pay records from their undisputed employers as a strategic means of reducing their burden to their own say-so about the hours they worked or how they were paid. *See Mt. Clemens*, 328 U.S. at 687 (reasonable-inference standard applies where "employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes"); *Williams v. Tri-Cnty. Growers*, 747 F.2d 121, 128 (3d Cir. 1984) (reasonable-inference standard applies "[o]nce an employee establishes that the employer's records are inadequate").

Even if Plaintiffs could prove FedEx is Granado's joint employer, such that *Mt. Clemens*'s framework somehow applied, it "applies to damages questions only *after* an employee has met the initial burden to establish liability by showing that [she] performed uncompensated overtime work." *Osborn v. JAB Mgmt. Servs.*, 126 F.4th 1250, 1256 (7th Cir. 2025) (quoting *Viet v. Le*, 951 F.3d 818, 822 (6th Cir. 2020)); *Acosta v. Cent. Laundry*, 2019 WL 3413514, at *11 (E.D. Pa. July 29, 2019). Thus, "the ordinary burden of proof governs the threshold question" of whether Granado was improperly paid. *Viet*, 951 F.3d at 822. And Granado cannot rely on "reasonable inferences" to demonstrate the threshold violation needed to defeat summary judgment (or otherwise). *See Osborn*, 126 F.4th at 1256-58; *see also Ihegword v. Harris Cnty. Hosp. Dist.*, 555 F. App'x 372, 375 (5th Cir. 2014) (there was a "complete lack of evidence, other than [plaintiff's] unsubstantiated assertions speculated from memory, to prove that she actually worked overtime for which she was not compensated").[10]

---

[10] The Third Circuit cases Plaintiffs cite also discuss *Mt. Clemens* related only to proving the extent of damages. *See Rosano v. Twp. of Teaneck*, 754 F.3d 177, 185-90 (3d Cir. 2014); *Sec'y U.S. Dep't of Lab. v. Nursing Home Care Mgmt.*, 128 F.4th 146, 161 (3d Cir. 2025).

Finally, Plaintiffs try to evade the ramifications of Granado's lack of proof by asserting that FedEx "has not contested Granado's testimony that she was never paid overtime." (Pls.' Opp'n 17.) But without any evidence of what Granado was paid and her compensable time for each workweek in which she drove a light vehicle, FedEx cannot affirm or contest the accuracy of Granado's self-serving testimony. And, thus far, Granado has not produced any evidence that she was not paid overtime she was entitled to—she produced a total of six paystubs that reflect only pay (FedEx's SOF ¶¶ 16, 32): five from Jammin, for whom Granado admits she never worked overtime (*id.* ¶¶ 28, 32), and one from DWIL, for a workweek in which Granado logged a total of only 17.3 on-duty hours (*id.* ¶¶ 16-17).

## B.    Plaintiffs Misapply the Small Vehicle Exception to the MCA Exemption

Plaintiffs argue that if Granado drove a light vehicle for more than a de minimis amount of time overall, she should receive overtime for every workweek in which she worked more than 40 hours (assuming any such weeks even exist), not just workweeks in which she also drove light vehicles. (Pls.' Opp'n 18.) Notably, Plaintiffs' counsel—despite having argued this Exception issue over a dozen times now in opposition to FedEx's summary judgment motions— has never before made this argument. That's likely because it is based on a misstatement of the only case Plaintiffs cite, *Oddo v. Bimbo Bakeries U.S.A., Inc.*, 391 F. Supp. 3d 466 (E.D. Pa. 2019). There, the Eastern District of Pennsylvania did <u>not</u> hold that overall light vehicle usage more than a de minimis amount results in eligibility for overtime in every workweek regardless of whether a light truck was driven (nor did the plaintiffs in that case make any such argument); rather, the court applied the standard approach that if overall light vehicle use exceeded a de minimis amount, a driver could recover overtime <u>in a workweek where a light vehicle was used</u>. *Id.* at 471-472. The plaintiffs in *Oddo* sought to recover overtime for any week in which they drove a light vehicle without doing an overall de minimis inquiry first. *Id.* at 470-471. The court

rejected that approach, agreed with the defendant that a de minimis inquiry needed to be done, and cited favorably to a number of cases limiting overtime recovery to weeks in which a light vehicle was used <u>if the driver exceeded the de minimis threshold</u>. *Id*. at 471-472.

As to the workweeks where Granado drove vehicles with an unknown GVWR, Plaintiffs are judicially estopped from taking the position that these should be assumed to be light vehicles, which includes asking the Court to make inferences in their favor that such vehicles are light. *In re Mintze*, 434 F.3d 222, 232 (3d Cir. 2006) (judicial estoppel "was designed to prevent parties from 'playing fast and loose with the courts'"). In *Claiborne*, Plaintiffs convinced this Court that it was appropriate to assume that such vehicles were <u>heavy</u> to dismiss 450 opt-ins. (*Claiborne*, Shuford Decl. ¶¶ 10-11, ECF No. 398-1.) As a result of Plaintiffs' admission, the Court held that

> these 450 opt-ins cannot maintain a claim for unpaid overtime compensation under the FLSA because they did not drive trucks weighing less than 10,000 pounds during the relevant timeframe on a level above de minimis work.

(*Claiborne*, Mem. Op. 5-6, ECF No. 431.) To permit Plaintiffs to now change course would "create the perception that [the] court was misled." *United States v. Esperanza-Vasquez*, 211 F. App'x 140, 142 (3d Cir. 2007). It would also raise serious potential conflicts between Plaintiffs' counsel's representation of those dismissed from *Claiborne* as a result of their admission and, now, Granado. (*Claiborne*, Mem. Op. 7, ECF No. 431 (dismissal order based on "Plaintiffs' own admission that the 449 opt-in Plaintiffs . . . *cannot* maintain a claim against FedEx").)

Based on the briefing and material, undisputed evidence before the Court, the Court should grant FedEx's summary judgment motion against Granado.

Dated:  September 26, 2025

Respectfully submitted,

*s/ Jessica E. Eller*

Jessica G. Scott (CO 37287) (*pro hac vice*)
Jessica E. Eller (CO 59362) (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:     303.244.1846
Facsimile:      303.244.1879
scott@wtotrial.com
eller@wtotrial.com

Joseph P. McHugh (PA 77489)
Shanicka L. Kennedy (PA 88306)
Federal Express Corporation
1000 FedEx Drive
Moon Township, PA  15108
Telephone:   412.859.5917
Telephone:   412.859.5792
Facsimile:    412.859.5413
joseph.mchugh@fedex.com
shanicka.kennedy@fedex.com

Attorneys for Federal Express Corporation,
successor by merger to FedEx Ground Package
System, Inc.

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on September 26, 2025, I electronically filed the foregoing **FEDEX'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF PHOEBE GRANADO** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

- **Jeremy Edward Abay**
  jabay@llrlaw.com

- **Jessica Elyse Eller**
  eller@wtotrial.com

- **Shanicka Kennedy**
  shanicka.kennedy@fedex.com

- **Harold Lichten**
  hlichten@llrlaw.com, courth@llrlaw.com

- **Shannon Liss-Riordan**
  sliss@llrlaw.com, zrubin@llrlaw.com, courts@llrlaw.com

- **Joseph P. McHugh**
  joseph.mchugh@fedex.com, amy.chambers@fedex.com,
  dawn.miller@fedex.com

- **Sarah R. Schalman-Bergen**
  ssb@llrlaw.com, courtssb@llrlaw.com

- **Jessica Goneau Scott**
  scott@wtotrial.com, umaguing@wtotrial.com

*s/ Jessica E. Eller*

1